UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM R. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:05-cv-007-RLY-WGH |
| ) | |
| CRAIG HANKS, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of William R. Jackson ("Jackson"), a state prisoner, for a writ of habeas corpus with respect to the disciplinary proceeding identified as No. WVD 04-06-0234, in which Williams was found guilty of "unauthorized possession or theft of state property or property belonging to another," is denied and this action is dismissed with prejudice. The reason for this disposition is that the pleadings and the expanded record show that there was a sufficient evidentiary basis for the conduct board to conclude that during the afternoon of June 24, 2004, Jackson entered a housing unit from a prayer group and at that time had in his possession a piece of sand paper, which was state property he was not authorized to possess. Indeed, Jackson admitted to the conduct board that he was in possession of the item, but maintained that he had found it on the ground and picked it up in order to dispose of it. This satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The conduct board was not compelled to accept Jackson's exculpatory statement concerning how he came into possession of the sand paper and what he intended to do with it. *Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff v. McDonnell,* 418 U.S. 539, 588 (1974). There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Jackson to relief. His arguments that the protections afforded by *Wolff* were not provided are either refuted by the pleadings and the expanded record or based on assertions which do not entitle him to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be denied and this action dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/10/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana